UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES MAXWELL,

               Plaintiff,

-against-

RIKERS ISLAND/FACILITIES; OBCC; GRVC; RNDC; NYC DOC; JOHN DOE, CORRECTION OFFICER; JOHN DOE, CORRECTION OFFICER; JOHN DOE, INMATE; JANE DOE, MENTAL HEALTH PROVIDER,

               Defendants.

25-CV-4372 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

    Plaintiff, who currently is detained in the Robert N. Davoren Center ("RNDC") on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. He sues Rikers Island; Rikers Island facilities Otis Bantum Correctional Center ("OBCC"), George R. Vierno Center ("GRVC"), and RNDC; the New York City Department of Correction ("DOC"); two John Doe Correction Officers; a John Doe inmate; and a Jane Doe "mental health provider." By order dated June 12, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claim in an amended complaint.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

**BACKGROUND**

Plaintiff states that the events giving rise to his claims occurred at the Rikers Island facilities OBCC, GRVC, and RNDC between March 14, 2024, and May 13, 2025. Plaintiff alleges that he has been subjected to "daily verbal and physical abuse" by unspecified individuals and denied medical assistance. (ECF 1 at 4.) Correction officers "over spray[] inmates with mase." (*Id.* at 6.) Plaintiff also alleges that he has been subjected to unconstitutional conditions of confinement, including being confined to his cell for 48 to 72 hours at a time, deprived of "food, shower, recreation, legal services, ect.," (*id.* at 4), and subjected to "[i]nhumane

conditions," including rats, mice, and cold food, (*id.* at 6). He further alleges that "property [is] being stolen from [i]nmates by correctional officers," and that he was strip searched in front of female staff. (*Id.* at 4.)

In the section of the complaint form asking Plaintiff to describe his injuries, he states that he received 13 staples in the top of his head to address an injury that resulted from being struck from behind by another inmate. Plaintiff also alleges that he sustained injuries to his head, face, neck, and nose, and experienced chest pains and blurry vision as a result of being sprayed with a chemical agent.

For relief, Plaintiff seeks money damages and injunctive relief requiring "continu[ation] with medical assistance follow-ups." (*Id.* at 6.)

## DISCUSSION

### A. Claims against New York City Department of Correction

Plaintiff's claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the DOC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintiff wishes to assert claims under 42 U.S.C. § 1983 against the City of New York, he may do so in an amended complaint. If Plaintiff names the City of New York as a defendant in an amended complaint, he must allege facts demonstrating that the City of New York has a

policy, custom, or practice that caused a violation of his federal constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (noting that, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights).

**B.     Claims against Rikers Island and its facilities**

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Rikers Island is an island in the East River and OBCC, GRVC, and RNDC are buildings located on that island; none of them is a "person" under Section 1983.[2] The Court therefore dismisses Plaintiff's Section 1983 claims against these defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Rule 8**

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (*per curiam*), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the court accepts all well-pleaded factual

---

[2] While Rikers Island is not a "person" that may be sued under Section 1983, Plaintiff may bring claims arising from events that occurred *at* Rikers Island by naming as defendants the individual DOC employees who were personally and directly involved in violating his rights, or, if his injury was the result of a policy, practice, or procedure, naming the City of New York.

allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted).

Plaintiff's complaint does not comply with Rule 8 because his allegations lack sufficient detail to suggest a viable claim against any of the defendants. While Plaintiff lists the ways in which he believes his constitutional rights have been violated, he does not allege any specific facts about the incidents that occurred. While many of Plaintiff's statements could implicate constitutional rights—for example, his allegations that he was physically abused, subjected to dangerous conditions of confinement, and denied medical care—his short, conclusory statements do not include sufficient factual detail to suggest a viable claim. It is also unclear when and where the events occurred. He states that his claims arose at various Rikers Island facilities between March 2024 and May 2025, but he does not allege the specific dates the incidents

occurred or the facility in which the events occurred. Furthermore, Plaintiff also does not allege any facts identifying who was personally involved in each of the violations for which he is seeking relief. Without these additional facts, a defendant would not have fair notice of what claims Plaintiff is attempting to assert against him or her. The Court therefore dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to replead his claims in an amended complaint that complies with Rule 8 and the standards discussed above.

**D.     Supplemental jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under Section 1983, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   October 29, 2025
         New York, New York

                                            ___*Louis L. Stanton*___
                                            LOUIS L. STANTON
                                            U.S.D.J.