UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES MAXWELL,

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, ET AL.,

                              Defendants.

No. 1:25-cv-04372 (JLR)

ORDER OF SERVICE

JENNIFER L. ROCHON, United States District Judge:

Plaintiff, who currently is detained at the Robert N. Davoren ("RNDC") on Rikers Island, brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights. By order dated June 12, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

By order dated December 2, 2025, Judge Louis L. Stanton directed Plaintiff to file an amended complaint. (ECF 7.) The court received Plaintiff's amended complaint on December 2, 2025. (ECF 7.) Named as Defendants in the amended complaint are the City of New York; the New York City Department of Correction ("DOC"); Correction Officers Reid #5314, Doe Shield #3160, Doe Shield #5200, Joseph, McCuby #14851, Gary, Bencomine, and Gomez; Captains Young, Alexander, Clark, Libard #1152; and John and Jane Doe. For the reasons set forth below, the Court (1) dismisses, with leave to replead, Plaintiff's claims against all named defendants except for the City of New York and Clark; (2) requests that the City of New York and Clark waive service of summons; and (3) refers Plaintiff to this court's legal clinic for *pro se* litigants.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

### A.    Claims against the New York City Department of Correction

Plaintiff's claims against the DOC must be dismissed because an agency of the City of

New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and

proceedings for the recovery of penalties for the violation of any law shall be brought in the

name of the city of New York and not in that of any agency, except where otherwise provided by

law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City

of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited

from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against the

DOC for failure to state a claim on which relief may be granted. *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii).

### B.    Claims against Reid, Joseph, McCary, Alexander, Young, and Correction Officers #3160 and #5200

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the

defendants' direct and personal involvement in the alleged constitutional deprivation. *See

Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in

this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a

prerequisite to an award of damages under § 1983." (internal quotation marks omitted)). A

defendant may not be held liable under Section 1983 solely because that defendant employs or

supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676

(2009) ("Government officials may not be held liable for the unconstitutional conduct of their

subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable

under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional

violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Defendants were personally involved in

the events underlying his claims. Plaintiff's mention of these defendants is that, on September

23, 2024, Plaintiff

> discussed negative interaction with an C.O. (Correction officer) to a mental health
> provider due to being in a stressful state in the housing unit # of 1 lower due to
> disrespect/verbal and p[h]ysical abuse with correction officer's in the housing unit
> # of 1 lower or/and within the facility of OBCC being over spray by O.C. being
> abusive, 10/4/24 C.O. McCary #14851, Capt. Alexander, 9/17/2024 Joseph,
> Captain Young #126401, #3231, spraying OC chemicals, C.O. Shield #3200, OC
> spray 6/23/2024[,] 7/28/24 exposed to chemical agent being used. C.O. #3160,
> Reid #5314, ect.

(ECF 7, at 4.)[2]

To the extent Plaintiff is attempting to assert claims, under Section 1983, for excessive

force against these defendants, his bare and confusing assertion is insufficient to state a viable

claim. The Court therefore dismisses Plaintiff's claims against Defendants Reid, Joseph,

McCary, Alexander, Young, and Correction Officers with shield numbers 3160 and 5200 for

failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to file a second amended complaint alleging facts

suggesting that these defendants were personally and directly involved in violating Plaintiff's

federal constitutional rights.

## C.    Claims against Gomez, Bencomine, Libarb

Plaintiff alleges that Gomez made "racial remarks" towards him, and that Bencomine and

Libarb verbally harassed him. (ECF 7, at 7-8.) However, it is well established that "verbal

---

[2] The Court quotes from the amended complaint verbatim. All spelling, grammar, and
punctuation are in the amended complaint unless otherwise noted.

harassment alone does not amount to a constitutional deprivation." *Ali v. Connick*, 136 F. Supp. 3d 270, 276 (E.D.N.Y. 2015). Even "the use of racial slurs or epithets reflecting racial prejudice, although reprehensible, does not form the basis of a claim pursuant to [Section] 1983," absent some additional appreciable injury. *Baskerville v. Goord*, No. 97-CV-6413, 2000 WL 897153, at *3 (S.D.N.Y. July 6, 2000); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986) (holding that name-calling without "any appreciable injury" did not violate inmate's constitutional rights); *Haussman v. Fergus*, 894 F. Supp. 142, 149 (S.D.N.Y. 1995) ("[T]he taunts, insults and racial slurs alleged to have been hurled at plaintiff by defendants, while reprehensible if true, do not comprise an infringement of constitutional guarantees."). By contrast, allegations of verbal harassment coupled with other injury can state a claim for a violation of constitutional rights. *See Cole v. Fischer*, 379 F. App'x 40, 43 (2d Cir. 2010) (summary order) ("When the verbal harassment and simultaneous physical abuse . . . are considered together, we have little trouble concluding that plaintiff's allegations were sufficient to state a § 1983 claim for discrimination on the basis of race[.]").

Here, Plaintiff alleges that these defendants verbally harassed him and possibly used an epithet reflecting racial prejudice based on race and gender identity. As offensive as this alleged conduct may be, verbal harassment alone does not amount to a deprivation of rights protected by the Constitution. Because Plaintiff's allegations against these defendants appear to be limited to this verbal harassment, the facts alleged are insufficient to rise to the level of a violation of his constitutional rights. The Court therefore dismisses Plaintiff's claims against Gomez, Bencomine, and Libarb for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 60 days' leave to replead his claims against these Defendants in a second amended complaint that alleges facts addressing the deficiencies identified above.

### D.    Property claims against Gary or Gray

Plaintiff alleges that, when he was transferred to a new facility, his unspecified "property" was "stolen" by Officer Gray (or Gary). (ECF 7, at 5.) The Court construes Plaintiff's allegations regarding lost property as asserting a claim that he was deprived of his property in violation of the Fourteenth Amendment. The Due Process Clause of the Fourteenth Amendment protects "against deprivations [of life, liberty, or property] without due process of law." *Rivera-Powell v. N.Y. City Bd. of Elections*, 470 F.3d 458, 464 (2d Cir. 2006) (internal quotation marks and citation omitted). "The fundamental requisite of due process of law is the opportunity to be heard . . . at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (internal quotation marks and citations omitted). Determining whether the process provided is adequate requires weighing: (1) the private interest affected; (2) the risk of erroneous deprivation and the probable value of further safeguards; and (3) the governmental interest at issue. *See Rivera-Powell*, 470 F.3d at 466 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

A government official's random and unauthorized act does not violate a person's right to procedural due process if a meaningful post-deprivation remedy is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1986); *Parratt v. Taylor*, 451 U.S. 527, 540-43 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). Thus, a claim under Section 1983 asserting that a government official has deprived a person of a property interest is not cognizable in a federal district court if state law provides an adequate remedy for the deprivation of that interest. *See Zinermon v. Burch*, 494 U.S. 113, 127-29 (1990); *Hudson*, 468 U.S. at 533.

Accordingly, when a plaintiff asserts such a claim, "the federal court's initial inquiry must be whether the state has provided adequate remedies to redress such unlawful acts." *Vialez v. N.Y.C. Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

Because the government cannot predict precisely when a government official's random and unauthorized deprivation of a person's property interest will occur, it would be impossible to provide meaningful due process before the deprivation of the property interest. *See, e.g.*, *Hudson*, 468 U.S. at 532-33. Accordingly, New York State law provides post-deprivation remedies to cure such deprivations. *See Jenkins v. McMickens*, 618 F. Supp. 1472, 1474 (S.D.N.Y. 1985) (state tort action available to compensate detainee for alleged loss of property by city jail officials); *Cook v. City of New York*, 607 F. Supp. 702, 704 (S.D.N.Y. 1985) (detainee had meaningful post-deprivation remedy for loss of book through state action for negligence, replevin, or conversion); *Moreno v. New York*, 69 N.Y.2d 432 (1987) (alternative state remedies to recover seized property discussed); *Boyle v. Kelley*, 42 N.Y.2d 88, 90-91 (1977) (property wrongfully seized by officials during a search recoverable by a state replevin action or a state proceeding brought under Article 78 of the New York Civil Practice Law and Rules).

Here, Plaintiff alleges no facts showing that he has pursued any of these state remedies, nor any facts showing that these remedies are inadequate. Plaintiff therefore fails to state a claim under Section 1983 that Defendants deprived him of his property without due process. The Court dismisses Plaintiff's claims against Gray (or Gary) for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff 60 days' leave to replead his procedural due process claims against Gray (or Gary) in a second amended complaint that alleges facts showing the state court remedies described above were unavailable or inadequate to protect his property rights.

**E.    Waiver of Service**

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York and Captain Clark, who was stationed at RNDC in August and September 2025, waive service of summons.

**F.    Referral to the SDNY's *pro se* law clinic**

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to assist Plaintiff with amending his amended complaint. The Clinic is run by a private organization called the City Bar Justice Center ("CBJC"); it is not part of, or run by, the court. An informational flyer and a limited scope legal assistance retainer agreement are attached to this order.

## CONCLUSION

The Court dismisses Plaintiff's claims against the DOC, Reid, Joseph, McCary, Alexander, Young, Correction Officers #3160 and #5200, Gomez, Bencomine, Libarb, and Gray (or Gary) for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 60 days' leave to replead.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York and Captain Clark, who was stationed at RNDC in August and September 2025, waive service of summons.

The Clerk of Court is also directed to mail an information package to Plaintiff. An informational flyer about the CBJC legal clinic and a limited scope legal assistance retainer agreement are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.* *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 7, 2026
          New York, New York

_____
JENNIFER L. ROCHON
United States District Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## HOW TO ACCESS OUR SERVICES

For assistance, please reach out to us via mail at:

**Thurgood Marshall Federal Courthouse
CBJC Pro Se Legal Assistance Project
40 Foley Sq LL22
New York, NY 10007.**



Upon receipt of your letter, we will follow up with application materials.

## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self- represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project **assists incarcerated litigants** on a variety of federal legal issues, including 1983 matters, civil rights cases, and others.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist individuals by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 **Interpreting and explaining** federal law and procedure

 **Reviewing drafted pleadings** and correspondence with the Court

 Consulting on **discovery** matters

 Assisting with the **settlement** process (including mediation)



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

## LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

This agreement explains the terms of the limited legal assistance that the City Bar Justice Center ("CBJC") has agreed to perform for you through its Federal Pro Se Legal Assistance Projects ("Projects"). Writing your name at the end demonstrates your agreement to the terms herein.

### I.    LIMITS OF ASSISTANCE

The Projects agree to provide only limited scope legal assistance in connection with your matter. This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. CBJC is not your attorney of record in this matter. In the event that you are or become a party to a case in the Eastern District of New York or the Southern District of New York or any other forum, CBJC will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. CBJC has no obligation to enter into any such agreement.

- CBJC has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers this consultation only. CBJC can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- CBJC has not agreed to represent or assist you on any other matter in the future. If CBJC does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. CBJC will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that CBJC has sole discretion to decide whether it will provide any additional future consultations.

- You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment at the Projects in the Eastern District or the Southern District.

## II.    FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

CBJC does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. CBJC's assistance does not guarantee success or any particular outcome but that CBJC will provide competent assistance.

## III.    TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving CBJC's limited scope assistance at any time. CBJC may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If CBJC chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

## IV.    COSTS OF LITIGATION

Filing a lawsuit or defending against a case when you are sued can involve costs. You are responsible for all costs, including filing fees. The CBJC will not pay for any costs associated with your case. The Court may allow you to proceed without paying filing fees (this is called "proceeding in *forma pauperis*"). Whether you are allowed to proceed in *forma pauperis* is entirely up to the Court.

## V.    CONFIDENTIALITY

CBJC will take all reasonable steps to maintain any information you provide as confidential.

## VI.    REVIEW AND CONSENT

If you have questions or concerns, please leave a voicemail for the Project at (212) 382-4794, and someone will call you back to discuss this agreement.

By signing and writing today's date below, you indicate that you: have had an opportunity to discuss this agreement with CBJC or another Attorney of your choice; have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

_____          _____
Signature                                                                                          Date

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

Name: _____ Date of Birth: _____

Facility: _____ Identification #_____

**How did you hear about our clinic? (circle one)**

Pro Se Intake Office          Website                    Conference/Hearing with the Judge

Pro Se Information Package    Friend/Family              Order/Letter from the Judge

Other: _____

**Do you already have an open case with the federal court? (circle one)      Yes      No**

**If yes, what is your case number? _____**

**If yes, which courthouse is it in? (circle one)        Manhattan              White Plains**

**Ethnicity? (circle one)**

Asian/Pacific Islander        Hispanic                   Caucasian

Black                         Middle Eastern             Decline to answer

African                       Caribbean                  Other:_____

Native American               South Asian

**Gender? _____**

**Education level? (circle one)**

8th grade or less             GED                        2-4 years of college/vocational school

Some high school              College graduate           Decline to answer

High school graduate          Graduate degree

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**



**CITY BAR JUSTICE CENTER**

SDNY Federal Pro Se Legal Assistance Project

**Immigration status? (circle one)**

U.S. citizen (born in U.S.)　　　Naturalized U.S. citizen　　　Legal Permanent Resident

(Born in:_____)

No lawful status　　　　　　　Decline to answer　　　　　Other:_____

**Marital status? (circle one)**

Single　　　　　　　　　　　　　　Married

Divorced　　　　　　　　　　　　　Separated

Widowed　　　　　　　　　　　　　Decline to answer

**Do you have a disability? (circle all that apply)**

No　　　　　　　　　　Mental health　　　　　　Vision

Hearing　　　　　　　　Mobility　　　　　　　　Memory

Homebound　　　　　　Decline to answer　　　　Other:_____

**What is your primary language?** _____

**LGBTQ+? (circle one)**　　　　　Yes　　　　No　　　　Decline to answer

**Veteran?** _____

**Please mail these completed forms to the City Bar Justice Center, Pro Se Legal Assistance Project, 40 Foley Square, LL22, New York, NY 10007.**