

**STEVEN BANKS**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**INNA SHAPOVALOVA**
*Senior Counsel*
Tel.: (212) 356-2656
Fax: (212) 356-3509
inshapov@law.nyc.gov

April 7, 2026

**BY ECF**
Honorable Jennifer L. Rochon
United States District Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

Re:   <u>Charles Maxwell v. City of New York, et al.,</u>
25 Civ. 04372 (JLR)

Your Honor:

I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and attorney representing defendant the City of New York ("City") in the above-referenced matter.[1] Defendant City respectfully writes to: (1) seek clarification regarding this matter being designated to participate in the Southern District of New York Local Civil Rule 83.10 (the "§ 1983 Plan"); (2) request that the Court endorse its proposed briefing schedule for its anticipated motion to dismiss the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, (3) request an adjournment of the initial pre-trial conference currently scheduled to be held on May 19, 2026 and 12:00 p.m. until after the adjudication of defendant City's motion to dismiss, and (4) seek a corresponding adjournment of the deadline for the parties to submit a joint letter and proposed Civil Case Management Plan and Scheduling Order. The undersigned was unable to expediently obtain plaintiff's position with respect to these requests due to his current incarcerated status.

By way of relevant background, plaintiff Charles Maxwell, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, various constitutional

---

[1] This case has been assigned to Assistant Corporation Counsel Joseph Capio, who is awaiting admission to the New York State Bar. Mr. Capio is handling this matter under my supervision and may be reached at (212) 356-2318 or jcapio@law.nyc.gov.

violations stemming from incidents that occurred from March 2024 through year-end 2025 at the Otis Bantum Correctional Center facility, George R. Vierno Center facility, and Robert N. Davoren Complex facility on Rikers Island. See ECF No. 7. Plaintiff names the City of New York, New York City Department of Correction ("DOC"), Correction Officers Reid, Joseph, McCuby, Gary, Bencomine, and Gomez, Captains Young, Alexander, Clark, and Libard, and various John and Jane Doe correction officers as defendants in this action. See id. On January 7, 2026, the Court dismissed plaintiff's claims against all named defendants except for the City of New York and Captain Clark. See ECF No. 11. That same day, the Court ordered that this matter be conducted pursuant to the Plan for Certain § 1983 Cases Against the City of New York, scheduled an initial pre-trial conference for May 19, 2026 in the event mediation among the parties is unsuccessful, and directed the parties to file a joint letter and proposed Civil Case Management Plan and Scheduling Order in accordance with Paragraph 2.D of the Court's Individual Rules and Practices. See ECF No. 10. On February 4, 2026, a waiver of service was returned unexecuted as to defendant Captain Clark, noting that the DOC could not identify an employee with that name and that more information was needed for identification. See ECF No. 13. On February 6, 2026, a waiver of service was returned executed as to defendant City, making its deadline to respond to the First Amended Complaint April 7, 2026. See ECF No. 14. On April 7, 2026 the Court ordered this Office to "further investigate the identity of Defendant Captain Clark," "inform the Court of the status of such investigation and additional information by May 7, 2026," and *sua sponte* extended service of the First Amended Complaint to June 8, 2026. See ECF No. 15.

With respect to the § 1983 Plan, the undersigned respectfully requests clarification as to whether this matter will be proceeding under the Plan as it does not appear that it falls within the scope of Local Civil Rule 83.10 because it was brought by a *pro se* plaintiff against the DOC, not by a represented plaintiff against the NYPD, and does not assert claims for excessive force, false arrest, or malicious prosecution by NYPD employees in violation of 42 U.S.C. § 1983. See Local Civil Rule 83.10.

Additionally, defendant City intends to file a fully dispositive motion to dismiss the claims against it and proposes the following briefing schedule for its anticipated motion to dismiss, which defendant City respectfully requests that the Court endorse:

- May 7, 2026: Deadline for defendant City to serve and file its motion to dismiss;
- June 8, 2026: Deadline for plaintiff to serve and file his opposition to defendant City's motion to dismiss; and
- June 29, 2026: Deadline for defendant City to serve and file its reply papers.

Lastly, in light of defendant City's anticipated motion to dismiss, the DOC's unexecuted waiver of service noting that defendant Captain Clark cannot be identified, and the Court's Order directing this Office to investigate further, defendant City respectfully requests an adjournment of the initial pre-trial conference and a corresponding adjournment of the deadline for the parties to submit a joint letter and proposed Civil Case Management Plan and Scheduling Order until after defendant City's motion to dismiss the First Amended Complaint is decided.

Thank you for your consideration herein.

Respectfully submitted,

*/s/ Inna Shapovalova*

Inna Shapovalova
*Senior Counsel*
Special Federal Litigation Division

CC:   **VIA FIRST-CLASS MAIL**
Charles Maxwell
*Plaintiff pro se*
B&C No.: 4412400965
P.O. Box 300
Marcy, NY 13403-0300

Requests GRANTED.  Defendants shall file their motion to dismiss by **May 7, 2026**; Plaintiff shall oppose by **June 8, 2026**; and Defendants shall reply by **July 29, 2026**.  Furthermore, the initial pretrial conference scheduled for May 19, 2026 at 12:00 p.m. and accompanying deadline for a joint letter and case management plan are ADJOURNED until after the Court decides the motion to dismiss.

Finally, this case is not designated to participate in the Southern District of New York Local Civil Rule 83.10.

**SO ORDERED.**

Date:   April 8, 2026
        New York, New York

**JENNIFER L. ROCHON**
**United States District Judge**

3